UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

SHAHZADA BILAWAL             §

                                           §

vs.                                   §       NO:     PE:19-CV-00062-DC

                                           §

LORIE DAVIS                 §

## ORDER *SUA SPONTE* DISMISSING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY FOR WANT OF PROSECUTION

**BEFORE THE COURT** is Petitioner Bilawal's ("Petitioner") Application for Writ of Habeas Corpus by a Person in State Custody filed pursuant to 28 U.S.C. §2254 ("Application"). After much consideration, the Court shall dismiss the Application for want of prosecution.

### I. Facts & Procedural History

By way of background, Petitioner's Application was received by the Court on October 22, 2019. [docket number 1]. On October 24, 2019, this Court ordered Petitioner to either pay the $5.00 filing fee or complete a Motion to Proceed *In Forma Pauperis* ("*IFP*"), along with a certified inmate trust account statement, within twenty days. [docket number 3]. More than twenty days passed and Petitioner did not respond in any way or even acknowledge the receipt of such an Order. [*See generally* docket].

The Court then issued its Second and Final Order for *IFP* or Fee on December 18, 2019. [docket number 5]. A response from Petitioner was due no later than January 3, 2020. [*Id.*]. The allotted time from this Court's Second Order has now also passed. The Court would note that Petitioner has not responded to the Court's orders concerning *IFP* or payment in any way. [*See* docket]. The record reflects Petitioner has not requested additional time to respond to the Court's Orders. The record further reflects that Petitioner has not corresponded with the Court since his initial filing in this case.

### II. Discussion

The issue before the Court is one of procedure created by Petitioner's lack of involvement in his own litigation and his failure to respond to the Orders of the Court. The Court is given the authority to enter an involuntary dismissal "[f]or failure of the Petitioner to prosecute or to comply

with these rules or any order of the court" pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). In this case, Petitioner has ignored the Court's Orders by not responding in any way. Petitioner is not excused for this failure because there is no evidence that he requested additional time to respond and this Court has yet to grant said request. These facts show Petitioner's complete failure to prosecute this suit.

The Court finds the only remedy available in light of Petitioner's inaction is to dismiss the Application for want of prosecution under Rule 41(b). For the same reasons, the Court further finds that the Application shall be dismissed in the interest of judicial economy. The Court shall dismiss the Application without prejudice to allow Petitioner another opportunity to raise his claims, if necessary. *Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice"). Therefore, Petitioner's Application shall be dismissed for want of prosecution without prejudice.

### III.  Certificate of Appealability ("COA")

Before an appeal from the dismissal or denial of a §2254 or §2255 application, a petitioner must first obtain a COA which will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). It is well-established that [a] petitioner makes a 'substantial showing' when he demonstrates that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Johnson*, 123 S. Ct. 1029 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The severity of the penalty at issue does not, in and of itself, *require* the issuance of a COA. *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). If a district court grants a COA, it must "indicate which specific issue or issues satisfy the showing required." 28 U.S.C. §2253(c)(3); *see also Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998).

Petitioner fails to make a substantial showing of the denial of a constitutional right. And the Court finds that Petitioner has failed to demonstrate that jurists of reason could disagree with the district court's findings or that the questions are adequate to deserve encouragement to proceed further. Therefore, a **COA WILL NOT ISSUE IN THIS CASE.**

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Application for Writ of Habeas Corpus by a Person in State Custody filed pursuant to 28 U.S.C. §2254 is **DISMISSED** for **WANT OF PROSECUTION AND A COA WILL NOT ISSUE IN THIS CASE**.

It is so **ORDERED.**

**SIGNED this 28th day of January, 2020.**

**DAVID   COUNTS**
**UNITED STATES DISTRICT JUDGE**